UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSLYN W. GIBSON

and

WESLEY A. GIBSON,

    Plaintiffs,

       v.                                 Civil Action No. 10-2269 (JEB)

LIBERTY MUTUAL GROUP, INC.,
et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs Roslyn and Wesley Gibson bring this action against Defendants Liberty Mutual Group, Inc. and Liberty Mutual Fire Insurance Company for declaratory relief and breach of contract under an insurance policy signed by the parties. Defendants have now filed a Motion to Dismiss the counts in Plaintiffs' Amended Complaint that seek declaratory relief (Counts I & II) on the ground that Plaintiffs have failed to state a claim upon which relief may be granted. The Court has reviewed Defendants' Motion, Plaintiffs' Opposition, and Defendants' Reply.

**I.    Background**

    Plaintiffs allege that on November 14, 2009, a fire occurred at their property causing significant damage. Amended Compl., ¶ 9. Plaintiffs claim that prior to the fire, they contracted with Defendants for an all-risk insurance policy that explicitly included coverage for losses sustained as a result of fire. Id., ¶ 11. The policy was in full effect at the time of the fire. Id., ¶

1

12. Following the fire, Plaintiffs allege that they made a timely claim under the policy for losses caused by the fire. Id., ¶ 13.

The parties thereafter engaged in settlement talks, but negotiations eventually broke down, and Plaintiffs filed a Complaint in the Superior Court for the District of Columbia. Opp. at 2. Defendants removed the Complaint to this Court on the basis of diversity jurisdiction and filed a motion to dismiss. Id. In response, Plaintiffs amended their Complaint. Id.

Plaintiffs' Amended Complaint contains three counts, two for declaratory relief and one for breach of contract. Count I alleges that the policy contains an appraisal provision that "allows for a summary determination of the amount of the loss." Amended Compl., ¶ 30. The Amended Complaint further alleges that, after the parties failed to agree upon the amount of the loss, Plaintiffs demanded that the amount be determined by appraisal. Id., ¶ 31. Plaintiffs claim that Defendants ignored the appraisal demand despite an obligation to participate in the process. Id., ¶¶ 33-34. As a result, Plaintiffs pray for a judgment declaring "that the Plaintiffs have complied with all policy conditions, that [Defendants have] an obligation to name [their] appraiser and allow the amount of the loss to be determined by appraisal." Id. at 7.

Count II of the Amended Complaint also seeks declaratory relief, but this count relates to the alleged "Replacement Costs" provisions in the policy. Id., ¶¶ 36-47. Plaintiffs allege in Count II that Defendants have breached the contract in a number of ways, including failing to pay the full claim in a timely manner. Id., ¶ 37. Plaintiffs further contend that Defendants are obligated to "initially pay the actual cash value, and upon replacement, restoration or repair, to pay any additional amounts." Id., ¶ 39. Because Defendants have failed to make the initial payment for actual cash value, Plaintiffs claim that they have been unable to pay for the restoration of their property; as a result, they are unable to determine the total difference between

actual cash value and replacement costs. Id., ¶¶ 40-43. Count II, therefore, asks this Court to enter a judgment declaring that Plaintiffs are entitled to replacement costs once their value has been determined. Id. at 9.

Plaintiffs' third and final count is a claim for breach of contract. They allege that Defendants are obligated to pay for their losses caused by the fire under the contract, but have refused to do so. Id., ¶ 49-50. The Amended Complaint claims that Defendants' breaches include "the failure to pay [for losses caused by the fire], failure to pay the proofs of loss submitted, [their] failure to pay and act on this claim in in a timely manner, the failure to adjust the loss in a manner required by the policy . . . [their] failure to participate in the appraisal process, and the failure to abide by the implied contractual covenant of good faith and fair dealing." Id., ¶ 50. Plaintiffs further contend that Defendants' breaches resulted in damage to them, including "damage to the structure [of their property], the full replacement cost of the dwelling; the costs of the contents of the home . . . and other consequential and special damages." Id., ¶ 51. As a result of these alleged breaches, Plaintiffs pray for $455,000 in compensatory damages. Id. at 10.

Defendants now move this Court to dismiss Counts I and II of the Amended Complaint for failure to state a claim upon which relief can be granted. Defendants do not seek to dismiss Count III for breach of contract, but instead argue that Count III alone will resolve the entire dispute between the parties. Motion at 5.

## II.    Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be

liberally construed in plaintiff's favor. <u>Leatherman v. Tarrant Cty. Narcotics & Coordination Unit</u>, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff," <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Twombly</u>, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," <u>Twombly</u>, 550 U.S. at 555 (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

**III.    Analysis**

The Declaratory Judgment Act permits a federal court to make a declaration of the rights and other legal relations of interested parties. 28 U.S.C. § 2201(a). But, in order for a court to issue declaratory relief, it must first determine that there is a "case or controversy" within the meaning of Article III of the United States Constitution and the Declaratory Judgment Act. <u>Id.</u> This inquiry focuses on whether the controversy is "real and substantial." <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240-41 (1937). Stated more clearly, the inquiry should concentrate on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality

to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

Even if the Court finds a case or controversy exists, it must still consider whether it is appropriate to exercise its discretion to grant declaratory relief in the instant case. See 28 U.S.C. § 2201(a) (the court "may declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); see also National R.R. Passenger Corp. v. Consolidated Rail Corp., 670 F.Supp. 424, 431 (D.D.C. 1987), vacated on other grounds, 892 F.2d 1066 (D.C. Cir. 1990). Where declaratory relief would "cause a case to be tried piecemeal, or that only particular issues will be resolved without settling the entire controversy," a court should not exercise its discretion in favor of granting it. Newton v. State Farm Fire & Cas. Co., 138 F.R.D. 76, 79 (E.D.Va. 1991). In this analysis, the Court generally relies on two criteria: "(1) whether the judgment will 'serve a useful purpose in clarifying the legal relations in issue' or (2) whether the judgment will 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" National R.R. Passenger Corp., 670 F.Supp. at 431(quoting President v. Vance, 627 F.2d 353, 364 n.76 (D.D.C. 1980), E. Borchard, DECLARATORY JUDGMENTS 299 (2d ed. 1941)).

In this case, Plaintiffs ask this Court for a declaratory judgment finding that, under the terms of the parties' contract: (1) Defendant has an obligation to conduct an appraisal of Plaintiffs' loss; and (2) Plaintiffs are entitled to replacement costs. Amended Compl. at 7, 9. Plaintiffs argue that declaratory relief is necessary to address several provisions of the contract that "relate to future events and to the conduct of the parties with respect to those future events." Opp. at 5. In response, Defendants maintain that: (1) Plaintiffs' prayers for declaratory relief are improper because the underlying dispute is purely factual; and (2) Count III for breach of

contract will sufficiently resolve the issues underlying Counts I and II, making a declaratory judgment duplicative and useless.  Motion at 5-6.

    A.  <u>Nature of the Dispute</u>

The Court must first consider whether a case or controversy exists.  <u>Maryland Cas. Co.</u>, 312 U.S. at 273.  Defendants assert that there is no legal dispute between the parties in Counts I and II on which to base a declaratory judgment.  Motion at 5.  Defendants further argue that these counts, as framed by Plaintiffs, are purely factual questions to be decided by the finder of fact.  <u>Id.</u>  Defendants rely on <u>Newton</u>, a very similar case from the Eastern District of Virginia, to support their position.  138 F.R.D. at 77.  Although Newton is admittedly not controlling, the Court finds its reasoning to be analogous and persuasive.

In <u>Newton</u>, Judge J. Calvitt Clarke Jr. accepted Magistrate Judge William Prince's Report and Recommendation finding that declaratory relief was not appropriate in a dispute over a fire insurance policy.  <u>Id.</u>  Plaintiffs in <u>Newton</u> asked for "a declaration of the respective rights, duties, and liabilities of Plaintiffs and Defendants . . . with respect one to the other under and by virtue of a contract of insurance and the claim asserted and denied by Plaintiffs and Defendant."  <u>Id.</u> at 78.  In response, defendants in <u>Newton</u> argued that the issue, as framed by plaintiffs, was a purely factual dispute.  <u>Id.</u>  Defendants in <u>Newton</u> claimed that the only questions to be answered were whether the fire had been intentionally set and whether defendants' refusal to pay a claim under the contract was proper.  <u>Id.</u>  In agreeing with defendants, Magistrate Judge Prince determined that no legal dispute existed between the parties.  <u>Id.</u>  The court found that there was a controversy between the parties regarding coverage under the insurance policy, but "this factual dispute is not a <u>legal</u> issue with 'sufficient <u>immediacy</u> and <u>reality</u>' to justify the

6

continuation of the declaratory judgment prayer as part of this suit." Id. (quoting Maryland Cas. Co., 312 U.S. at 273) (emphasis in original).

Here, Plaintiffs contend that there are legal disputes between the parties -- namely, whether Defendants must participate in the appraisal process under the terms of the contract, and whether Plaintiffs may make a claim for replacement costs before determining the value of those costs. Opp. at 5-6. While Plaintiffs may dress up their factual contentions in different legal raiment, it does not change the underlying nature of the claim. There is no dispute over the existence of the policy or the nature of the parties' legal relationships. The questions raised by all counts are purely factual ones regarding proper compliance with the policy, the method used to calculate the losses, and the ultimate value of the losses. Such questions are not appropriate for declaratory relief, but are best reserved for the finder of fact. See Newton, 138 F.R.D. at 78.

Because there is no legal dispute with "sufficient immediacy and reality," declaratory relief is not warranted in this action. See id.; Maryland Cas. Co., 312 U.S. at 273.

B. Appropriateness of Declaratory Relief

Even if the Court had determined that a legal dispute existed, it must still consider whether or not declaratory relief in this case would be an appropriate exercise of its discretion. See 28 U.S.C. § 2201(a) (the court "may declare the rights and other legal relations of any interested party seeking such declaration"); see also National R.R. Passenger Corp., 670 F.Supp. at 431. Defendants argue that, because this case will be completely resolved through the breach of contract claim, declaratory relief is not appropriate here. Motion at 6. Plaintiffs respond that declaratory relief is necessary because it will address separate issues from the breach of contract claim. Opp. at 5-6. Specifically, Plaintiffs claim that declaratory relief will clarify (1) whether or not Defendants must participate in the appraisal process under the contract, and (2) whether

7

Defendants' refusal to pay Plaintiffs' claim at this point based on actual cash value ultimately affects Plaintiffs' ability to recover replacement costs under the contract. Id.

Yet, when examined critically, these claims are really just components of a claim for breach of contract. Indeed, Count III expressly includes these allegations. See Amended Compl., ¶¶ 50-51. For example, paragraph 50 claims that Defendants have breached the contract by their "failure to participate in the appraisal process," and the next paragraph claims damages including "the full replacement costs of the dwelling." Id., ¶ 51. If Plaintiffs succeed in proving that Defendants failed to participate in the appraisal process or failed to pay all they were required -- and that such failures constitute a breach of contract -- then Plaintiffs will prevail under Count III. Counts I and II thus add nothing to their suit.

This Court finds Newton to be persuasive on this issue as well. The court there found that declaratory relief was not appropriate because such a ruling would neither serve a useful purpose nor terminate the dispute between the parties. Newton, 138 F.R.D. at 79. Here, like Newton, Plaintiffs' request for declaratory relief serves no useful purpose and will not clarify the legal rights or obligations of the parties. The issues Plaintiffs seek declaratory judgment on are more appropriately resolved through the breach of contract claim. That claim, and only that claim, will completely resolve this dispute. A declaratory judgment on one or another term of the contract will not terminate this case. Declaratory relief in this case, like Newton, would thus only "promote the type of piecemeal litigation consistently reject by federal courts." Id. at 79 (citing Allied-General Nuclear Services v. Com. Edison Co., 675 F.2d 610, 611 (4th Cir. 1982) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937))). As such, even if the Court had found that a case or controversy existed, this case is not appropriate for declaratory relief.

**IV. Conclusion**

Because declaratory relief is not appropriate in this case, the Court hereby ORDERS that:

1. Defendants' Motion to Dismiss Counts I and II of Plaintiffs' First Amended Complaint is GRANTED;

2. Counts I and II of Plaintiffs' First Amended Complaint are DISMISSED; and

3. An Initial Scheduling Conference is set for May 19, 2011, at 9:30 a.m. in Courtroom 19. The parties shall meet, confer, and submit a joint report pursuant to FED. R. CIV. P. 26(f) and Local Rule 16.3.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 21, 2011